ACCEPTED
14-15-00019-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/8/2015 12:20:50 PM
CHRISTOPHER PRINE
CLERK

NO. 14-15-00019-CR

IN THE 14TH COURT OF APPEALS

AT HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/8/2015 12:20:50 PM
CHRISTOPHER A. PRINE
Clerk

GEORGE CASTILLO,
Appellant

VS.

THE STATE OF TEXAS
Appellee

Appealed From the
179th District Court of
Harris County, Texas
Cause No. 1303207

The Honorable Kristin M. Guiney,
Judge Presiding

APPELLANT'S *ANDERS* BRIEF

**ORAL ARGUMENT IS WAIVED**

KURT. B. WENTZ
5628 Cypress Creek Parkway
Suite 115
Houston, Texas 77069
E-mail: kbsawentz@yahoo.com
281/587-0088
TBA: 211779300
ATTORNEY FOR APPELLANT

## TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL     2

STATEMENT REGARDING ORAL ARGUMENT     2

INDEX OF AUTHORITIES     3

STATEMENT OF CASE     4

STATEMENT OF FACTS     5-7

CERTIFICATE OF COUNSEL     7-8

PRAYER     9

CERTIFICATE OF SERVICE     9

CERTIFICATE OF COMPLIANCE     10

LETTER     11-12

## IDENTITY OF PARTIES AND COUNSEL

1.      The appellant, George Castillo, is incarcerated in the Harris County Jail located at 701 North San Jacinto, Houston, Texas  77002 as of the date of the filing of this brief.

2.      The trial attorneys for the State of Texas were David Bernard and Beth Exley whose address is 1201 Franklin, 6th Floor, Houston, Texas 77002.

3.      The trial attorney for the appellant was J. Sidney Crowley whose address is 440 Louisiana, Suite 2050, Houston, Texas  77002.

4.      The trial judge was The Honorable Kristin M. Guiney whose address is 1201 Franklin, 18th Floor, Houston, Texas  77002.

5.      The appellate attorney for the State of Texas is Alan Curry whose address is 1201 Franklin, 6th Floor, Houston, Texas  77002.

6.      The appellate attorney for Mr. Castillo is Kurt B. Wentz whose address is 5628 Cypress Creek Parkway, Suite 115,  Houston, Texas  77069.

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. § 38.1(e) and 39.7, the appellant waives oral argument.

**INDEX OF AUTHORITIES**

Page

CASE

*Anders v. California*, 386 U.S. 738 (1967) 8-9

*Bledsoe v. State,* 178 S.W. 3rd 824 (Tex. Crim. App. 2005) 8

*High v. State*, 573 S.W. 2nd 807, 812 (Tex. Crim. App. 1978) 9

STATUTE

TEX. R. APP. PROC. 38.1(e) and 39.7 2, 8, 9

## STATEMENT OF CASE

On January 9, 2014 the appellant pled guilty to the offense of assault upon a family member/second. Pursuant to a plea agreement the trial court deferred a finding of guilt and placed the appellant on community supervision for a period of five years and assessed terms and conditions of community supervision relevant to the appellant's case. (1CR 20-21).

On August 12, 2014 a Motion to Adjudicate Guilt was filed alleging two new law violations and the appellant's inability to pay certain fees. (1CR 38).

On December 12, 2014 a hearing was had on the Motion to Adjudicate Guilt. The trial court found the allegation that the appellant had caused bodily injury to a family member, namely Maria Luna, by pushing her to the ground true. (1CR 63).

On December 11, 2014 the trial court sentenced the appellant to ten (10) years confinement in the Institutional Division of the Texas Department of Criminal Justice. (1CR 67).

On December 11, 2014 the appellant gave notice of appeal. (1CR 69).

On December 11, 2014 the trial court certified the appellant's right to appeal. (1CR 68).

On December 11, 2014 the trial court found the appellant remained indigent and appointed counsel to represent him on direct appeal. (1CR 710.

## STATEMENT OF FACTS

### Prehearing Matters

The State abandoned all of the paragraphs contained in the Motion to Adjudicate Guilt but for the new law violations involving assault on a family member, namely Maria Luna, on July 27, 2014.

The trial court found that there had been no prior plea or admonishments as to the enhancement paragraph in the appellant's original plea papers.  As a result the trial court found the appellant's case should be treated as a third degree felony for the purposes of the hearing.

### State's Evidence at Guilt

The appellant, George Castillo, and the State stipulated that he was the same George Castillo who was placed on deferred adjudicated community supervision on January 9, 2014 for the offense of assault on a family member/second.  (1RR 42).

In late July 2014 Juana Garcia received a telephone call from her daughter, the complainant.  (1RR 7, 8).  Without objection Ms. Garcia testified her daughter said "he hit her" and broke her phone.  (1RR 9, 10).

When she went to her daughter's apartment an hour and a half later, the complainant looked as if she had been crying but showed no outward signs of physical injury.  (1RR 12).  On cross-examination Ms. Garcia said her daughter said "Jorge" (the appellant) had hit her.  (1RR 13).  Ms. Garcia identified the appellant as the person she knew as Jorge Castillo. (1RR 7).

Harris County Sheriff's Office Deputy, Eddie Palvoski, hereinafter "Palvoski", responded to a request for assistance at approximately 1 p.m. on July 27, 2014. (1RR 14). When no one at the reported address answered the door he searched the surrounding area in vain for evidence of wrongdoing. (1RR 17). As he prepared to leave he saw a woman's head peak in and out of the door in a frightened manner. (1RR 18, 19).

The woman identified herself as Maria Luna. She informed Palvoski that "George" had assaulted her. (1RR 21, 23). When she removed her hand from her right eye Palvoski saw that it was red, swollen, and partially closed. (1RR 20). Although Ms. Luna did not wish to file a report, or give a written statement, she allowed the appellant had thrown her to the floor face down and then pulled her up by her hair. (1RR 24).

When Ms. Luna realized Palvoski was preparing a report, she became uncooperative and returned to her apartment. (1RR 25).

The State rested. (1RR 30).

### The Appellant's Evidence at Guilt

Although trial counsel had objected to Ms. Garcia and Deputy Palvoski testifying about what the complainant had told them about the offense under *Crawford v. Washington*, counsel called the complainant to testify on the appellant's behalf.

Maria Luna denied any physical assault by the appellant on July 27, 2014. (7RR 31). The appellant had merely come to her apartment, and she refused to let him in. (1RR 34). She explained she held her hand to her eye to shield from the sun because it remained sensitive to light as a result of eye surgery in May. (1RR 36, 37). The surgery

6

was necessitated by the appellant fracturing her eye socket in April. This incident was not reported to the police. (1RR 40, 41).

The appellant rested. (1RR 41).

The State rested. (1RR 41).

## Ruling

The trial court found the allegation that the appellant had pushed Maria Luna to the floor causing her pain true. The trial court found the allegation that the appellant had pulled her hair thereby causing pain not true.

## Punishment

The State presented no punishment evidence. (1RR 45).

The appellant presented no punishment evidence. (1RR 45).

## Sentence

The trial court sentenced the appellant to ten (10) years confinement in the Institutional Division of the Texas Department of Criminal Justice. (1RR 46).

## CERTIFICATE OF COUNSEL

I, Kurt B. Wentz, the attorney of record for the appellant, George Castillo, hereby state that I have diligently searched the record in his case. After researching the law applicable to the facts and issues contained therein, it is my professional opinion there is no reversible error in the appellant's case. Therefore, I am of the professional opinion that this appeal is without merit and frivolous for the following reasons:

E   No written pretrial motions were presented to the trial court for ruling prior to the appellant's plea of "not true."

2.      No written motions were presented to the trial court for ruling at the time of the appellant's plea of "not true."

3.      The appellant stipulated that he was the same George Castillo who was placed on deferred adjudicated community supervision on January 9, 2014.

4.      The only legal issue raised at the hearing on the Motion to Adjudicate Guilt was whether Juana Garcia and Deputy Palvoski testimony about what the complainant, Maria Luna, told them violated the confrontation clause under *Crawford v. State*. This issue became moot when trial counsel called Ms. Luna to testify on the behalf of the appellant.

5.      The appellant's sentence was within the range of punishment allowed for the third degree felony offense of assault on a family member/second.

A copy of this brief is being sent to the appellant along with a letter informing Mr. Castillo of his right to examine the entire appellate record for the purpose of filing a *pro se* brief. **Bledsoe v. State,** 178 S.W. 3rd 824 (Tex. Crim. App. 2005). A copy of this letter is attached as Exhibit A.

The appellant is also being advised that with the filing of this **Anders** brief counsel is also filing a Motion to Withdraw as appellant's attorney on direct appeal. A copy of the Motion to Withdraw accompanies the aforementioned letter.

## LOCATION OF APPELLANT

The appellant's last known address:

> Mr. George Castillo
> SPN 01793695
> Harris County Jail
> 701 North San Jacinto
> Houston, TX  77002

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the appellant requests that the Court grant relief pursuant to *Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W. 2nd 807, 812 (Tex. Crim. App. 1978) and then grant counsel's Motion to Withdraw.

Respectfully submitted,

/s/ Kurt B. Wentz_____
KURT. B. WENTZ
5628 Cypress Creek Parkway
Suite 115
Houston, Texas 77069
E-mail: kbsawentz@yahoo.com
281/587-0088
TBA: 211779300
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I, Kurt B. Wentz, hereby certify that a true and correct copy of the appellant's *Anders* brief and counsel's Motion to Withdraw were mailed to the appellant at his last known address by regular and Certified Mail, Return Receipt Requested. A copy of the appellant's *Anders* brief was also personally served on the Harris County Assistant District Attorney presently handling this cause on the 8th day of May, 2015.

/s/ Kurt B. Wentz_____
KURT B. WENTZ

**CERTIFICE OF COMPLIANCE**

I, Kurt B. Wentz, hereby certify the foregoing appellant's brief contains 2154 number of words.

Signed this 8th day of May, 2015.

/s/<u>Kurt B. Wentz</u>_____

May 5, 2015

Sent Regular Mail and
Certified Mail /
Return Receipt Requested

Mr. George Castillo, Jr.
SPN 01793685
Harris County Jail
701 San Jacinto
Houston, TX  77002

Dear Mr. Castillo:

As you know I have been appointed to represent you on appeal.

I have now reviewed the record and law in your case.

After a diligent search of the record it is my opinion that there is no meritorious issue for the purpose of direct appeal.  Therefore, I have filed a brief that complies with the requirements of *Anders v. California*, 386 U.S. 738 (1967).

I am sure that you find my words disappointing.  Unfortunately, your case is not unique.  The record in your case reveals no meritorious issue that I can raise on direct appeal on your behalf.

As you are aware, no written prehearing motions were filed on your behalf.

The only issue raised at your hearing was a confrontation issue under *Crawford v. Washington*. Your attorney rendered this issue moot when he had Maria Luna testify on your behalf.  With all due respect to Ms. Luna her testimony was actually very damaging to your case.  While she denied that you pushed her to the ground, she provided that you fractured her eye socket necessitating surgery in May of last year.  Lastly, the trial court's sentence was in the range provided for a third degree felony offense.  Therefore, it cannot be argued that the trial counsel abused its discretion in sentencing you.

The law affords you the right to review the record in your case and file any brief that you may deem necessary. Such a brief is commonly referred as a *pro se* brief.  This brief should be filed with the 14th Court of Appeals at 301 Fannin, Houston, Texas 77002.

You are also advised that with the filing of this *Anders Brief* I have filed a Motion to Withdraw as the Attorney of Record in your case.  This motion will not be ruled upon until after the court has considered the brief that I have filed.  A copy of my Motion to Withdraw is also enclosed.

11

You are also advised of your right to file a *pro se* petition for discretionary review upon the 14th Court of Appeals' ruling on the ***Anders Brief*** I have submitted. Petitions for discretionary review require certain timelines. These deadlines are strictly observed. I am enclosing a copy of the Texas Rules of Appellate Procedure as they apply to petitions for discretionary review for your use.

I am sure that it is very difficult for you to accept the trial court's rulings. Unfortunately, the record provided by trial counsel does not reveal any meritorious issues which I could raise on your behalf. Had I found any I would have been delighted to raise them.

You have my best wishes for the future.

Sincerely,


Kurt B. Wentz

Enclosures: Brief/Motion to Withdraw/Copy of T.R.A.P. 68